JOHN H. E. SAND, Respondent, *v.* GARFORD MOTOR TRUCK COMPANY, INC., Appellant.

Appeal — when Appellate Division has power to amend judgment appealed from so as to make it conform to record — action to recover back purchase price of trucks — evidence that plaintiff attempted to sell one does not warrant dismissal of complaint — erroneous statement of cause of action in amended judgment — when Appellate Division without power to amend complaint as well as judgment — failure to stipulate for judgment absolute on appeal to Court of Appeals from order reversing and granting new trial — appeal dismissed.

1. Where, in an action to recover back the purchase price of two trucks on the ground that they failed to work, the trial justice dismisses the complaint as to one and plaintiff recovers a verdict as to the other, but the judgment entered fails to mention the dismissal, on appeals by both parties to the Appellate Division, that court has power to amend the judgment so as to make it conform to the record and to the conceded fact.

2. Evidence that plaintiff attempted to make a sale of the truck, but that the deal fell through, did not warrant a dismissal of the complaint.

3. The action is one to recover money paid under a contract which the plaintiff has rescinded, not one for breach of warranty as stated in the amended judgment. If the Appellate Division intended to amend the complaint as well as the judgment it was without power in this instance to do so.

4. The Appellate Division having reversed and granted a new trial as to one of the trucks an appeal from the order of reversal to this court must be dismissed where appellant has failed to file a stipulation for judgment absolute. (Civ. Pr. Act, § 588, subd. 2.)

*Sand* v. *Garford Motor Truck Co.*, 204 App. Div. 70, appeal dismissed.

(Submitted June 6, 1923; decided July 13, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 15, 1923, affirming a judgment in favor of plaintiff entered upon a verdict modifying a judgment entered upon a dismissal of the complaint by the trial

court as to part of plaintiff's claim and reversing said judgment as modified and granting a new trial.

*John Vance Hewitt* for appellant. The Appellate Division erred in modifying the record and judgment in part, and reversing them in part. (*Amherst College* v. *Ritch,.* 151 N. Y. 282; *Volkening* v. *De Graaf,* 81 N. Y. 268; *Southwick* v. *First Nat. Bank,* 84 N. Y. 420.)

*Burt L. Rich* for respondent. No error was committed by the Appellate Division in modifying the judgment of the court below, in respect to which it modified the judgment of dismissal. (Williston on Sales, § 244; *Rinaldi* v. *Mohican Co.,* 225 N. Y. 73.)

*Per Curiam.* In November of 1919 plaintiff bought two trucks from the defendant, one bearing the factory serial No. 1530 and the other No. 1575. As they failed to work the plaintiff offered to return them and brought action for rescission renouncing title thereto and demanding back the purchase price.

In his bill of particulars the plaintiff states that the trucks were finally returned in February or the first part of March, 1920.

The trial justice dismissed the complaint as to truck No. 1530 on the ground that as the plaintiff had attempted to sell it he could not rescind his purchase.

The jury gave a verdict for the plaintiff as to the other truck, and judgment was entered in his favor for the amount of the cash which he had paid to the defendant on the purchase price.

Both parties appealed to the Appellate Division. The plaintiff appealed from the dismissal of his complaint as to truck No. 1530; the defendant appealed from the judgment for the return of the money paid for truck No. 1575.

In entering the judgment, however, the plaintiff's attorney had failed to mention that the complaint had

been dismissed as to No. 1530 and the judgment was silent upon this point. The Appellate Division affirmed that part of the judgment appealed from by the defendant, and with this we do not disagree.

As to that portion of the judgment appealed from by the plaintiff, the Appellate Division in the first place amended the judgment by inserting a provision that the complaint was dismissed as to truck No. 1530. No one disputed this and we think the Appellate Division had power to make this amendment to conform to the record and to the conceded fact. The Appellate Division thus having amended the judgment reversed the dismissal and granted a new trial on the ground that it was a question for the jury whether the plaintiff had sold the truck or had exercised over it such control as to prevent rescission.

We agree with the Appellate Division that the evidence did not warrant a dismissal of the complaint as to truck No. 1530. The evidence is to the effect that the plaintiff attempted to make a sale of the truck to Nelson and Albrecht, but that the deal fell through.

The complaint alleges but one cause of action for the return of the purchase price of two trucks. The plaintiff recovered the price of one only. The Appellate Division has decided that as to the other truck the plaintiff should have a new trial. From the judgment granting a new trial the defendant has appealed without giving the stipulation required by section 588, subdivision 2, of the Civil Practice Act. For this reason this appeal must be dismissed.

In amending the judgment, however, and inserting in the plaintiff's behalf a provision regarding the dismissal of the complaint the Appellate Division fell into error. Its judgment reads:

" ORDERED AND ADJUDGED upon plaintiff's appeal that the judgment so appealed from be and the same is hereby modified by inserting therein after the word ' herein ' at

the end of the fifth line of said judgment as printed in the record (page 18, fol. 53), the words, ' and at the close of plaintiff's case and on motion of defendant's attorney the Court having dismissed the complaint as to plaintiff's claim for damages for breach of warranty on the sale of motor truck No. 1530,' and said judgment is further modified by inserting after the word ' dollars ' on the second line as printed in the record (page 19, fol. 55), a paragraph as follows: ' ORDERED AND ADJUDGED that the complaint herein be dismissed as to plaintiff's claim for damages for breach of warranty on the sale of motor truck No. 1530; and, on motion of Smith, Weynberg & Rich, etc.,' and that as so modified the said judgment in so far as it dismissed plaintiff's claim for damages for breach of warranty on the sale of motor truck No. 1530, is hereby unanimously reversed upon the law and the facts and a new trial granted of said issue without costs."

Upon a retrial of this case there may be some misunderstanding as to what the action really is about. It is an action to recover money paid under a contract which the plaintiff has rescinded. This is the cause of action set forth in the complaint and the relief asked for. The trial proceeded as upon a rescission, and as to truck No. 1575 the sale has been held to have been lawfully rescinded and the cash purchase price adjudged to be returned. This is not an action for breach of warranty, and the Appellate Division was in error in referring to it as such.

We doubt whether it intended to amend the complaint as well as the judgment. If it did intend to make such an amendment we think it was without power in this instance to do so.

Considering this case, therefore, as one based upon a rescission wherein a new trial has been granted, we dismiss the appeal for the reasons already stated. A stipulation for judgment absolute should have been filed

as required by section 588, subdivision 2, of the Civil Practice Act.

The appeal should be dismissed, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Appeal dismissed.