FRED E. GROSS & SON (a Corporation), Appellant, *v.*
THE STATE OF NEW YORK, Respondent.

*Appeal — jurisdiction — Court of Claims — State — appeal to Court of Appeals from judgment of Appellate Division reversing judgment and granting new trial as to counterclaim, dismissed in absence of stipulation for judgment absolute — Court of Claims has jurisdiction to pass on counterclaim against claimant though claim has been dismissed.*

1. An appeal to this court from a judgment of the Appellate Division affirming a judgment of the Court of Claims dismissing a claim against the State but reversing a judgment in favor of the State on its counterclaim and ordering a new trial as to that, must be dismissed, so far as it relates to the reversal of the judgment on the counterclaim and the ordering of a new trial, in the absence of a stipulation for judgment absolute in case of affirmance. (Civ. Pr. Act, § 588, subd. 2.)

2. The filing of the claim gave to the Court of Claims jurisdiction to pass on the validity of the counterclaim and it was not deprived thereof by failure of the claimant to establish his claim.

*Gross & Son* v. *State of New York,* 214 App. Div. 386, modified.

(Argued October 4, 1926; decided November 16, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 11, 1925, which affirmed a judgment of the Court of Claims dismissing plaintiff's claim but reversed a judgment in favor of defendant on its counterclaim and, as to that, granted a new trial.

*John C. Wait, Howard G. Wilson* and *Frederick W. Newton* for appellant.

*Albert Ottinger, Attorney-General* (*James Gibson* of counsel), for respondent.

*Per Curiam.* The plaintiff entered into a contract with the State to construct a highway in Lewis county. It claimed that the State broke the contract and it filed a claim in the Court of Claims for damages. The State as a defense to the claim, on the theory that the claimant without justification had abandoned the contract, set up a counterclaim for the damages alleged to have been sustained by it.

The Court of Claims, after trial, dismissed claimant's claim and awarded judgment in favor of the State for

the amount of its counterclaim. The claimant appealed to the Appellate Division which (one of the justices not voting) affirmed the judgment dismissing claimant's claim; reversed the judgment on the counterclaim, and ordered a new trial as to that. The claimant thereupon appealed to this court.

After a careful consideration of the record before us, we are satisfied that the judgment dismissing the claimant's claim is correct.

The claimant appeals from the whole judgment. It did not enter into a stipulation for judgment absolute in case the judgment granting a new trial of the counterclaim should be affirmed by this court. Subdivision 2, section 588 of the Civil Practice Act provides that a party may as of right appeal from an order of the Appellate Division granting a new trial where the appellant stipulates that upon affirmance judgment absolute shall be rendered against him. (See, also, *Sand* v. *Garford Motor Truck Co.*, 236 N. Y. 327; *City of Buffalo* v. *Stevenson*, 207 N. Y. 258.) The appeal was taken as a matter of right and, therefore, the stipulation was necessary in order to give this court jurisdiction. The appeal, so far as it relates to the reversal of the judgment on the counterclaim and the ordering of a new trial, must be dismissed.

It is urged by the appellant that the Court of Claims has not jurisdiction to try the counterclaim, the claimant's claim having been dismissed. Since there must be a new trial it may not be out of place to call attention to the fact that we are of the opinion that the Court of Claims has jurisdiction to try the counterclaim. When the claimant filed its claim in the Court of Claims that court thereby obtained jurisdiction to pass on the counterclaim as well as on claimant's claim. The failure of the claimant to establish his claim did not deprive that court of jurisdiction to pass upon the validity of the counterclaim.

The judgment dismissing the plaintiff's claim should

be affirmed, with costs, and the appeal from an order granting a new trial of defendant's counterclaim dismissed, without costs.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.