ANDREY N. HOROCH, Respondent, v. STATE OF NEW YORK, Appellant. LACHOW DEMOLITION CORPORATION, Proposed Additional Party-Respondent. (Claim No. 32395.)

Third Department, July 7, 1955.

*Jacob K. Javits, Attorney-General* (*Robert J. Sykes* and *Martin A. Crean* of counsel), for appellant.

*Raymond C. Green, Bernard Katzen, William H. Stieglitz* and *Harry Schechter* for proposed additional party-respondent.

*I. Sidney Worthman* and *Berg A. Boghassian* for respondent.

ZELLER, J. The issue to be decided herein is whether the State of New York is entitled to bring in an additional party against whom the State may seek judgment over in the event the State is held liable in a claim pending against it in the Court of Claims.

The State of New York entered into a contract with Lachow Demolition Corporation to wreck certain buildings in the county of Bronx. The corporation employed the claimant, Andrey N. Horoch, to assist in the work and, while doing so, an explosion occurred which injured him. Alleging that the State failed to provide adequate supervision over the wrecking operation and permitted a hazardous condition to exist on the job, claimant filed his claim with the Court of Claims to recover for his injuries. Thereafter, the State, by motion, sought an order from the Court of Claims authorizing it to bring in the corporate employer in order to assert a claim for indemnification against the employer on two grounds; first, at common law arising out of active and passive negligence, and secondly, under the terms of a " hold harmless " clause allegedly contained in the contract between the State and the corporate employer. The motion, opposed by claimant and the corporate employer, was denied.

If this were an action pending in a court of general jurisdiction, there could be no question of the State's right to implead the corporate employer. (Civ. Prac. Act, § 193-a; *Johnson* v. *Endicott Johnson Corp.,* 278 App. Div. 626; *Robinson* v. *Binghamton Constr. Co.,* 277 App. Div. 468.) However, the Court of Claims has decided, and we agree, that the limited jurisdiction of the Court of Claims prevents impleading the corporate employer and, in effect, making it a " third-party defendant " against whom the State may assert a claim.

The State, as sovereign, was immune from suit at common law. But, from time to time, the State of New York, through its Legislature, acknowledged that it should assume as legal obligations certain moral obligations for which private persons would have to respond to others in damages. Finally, there came a time when the State waived its sovereign immunity. (For

a full exposition of the historical evolvement of waiver of immunity by the State of New York see Davison, Claims Against the State of New York, pt. I.) However, the State created a special tribunal of limited jurisdiction, presently called the Court of Claims, to determine its liability.

The Court of Claims uses the same rules of evidence and substantive law (Court of Claims Act, § 8) and much of the procedure (§ 9, subd. 9) followed in the Supreme Court, but claimants appearing before it are not granted rights equal to those guaranteed to parties in a court of general jurisdiction. For example, the Court of Claims Act requires the liability of the State to be determined solely by a court sitting *without a jury*. (Court of Claims Act, § 12, subd. 3.) The limitations and restrictions imposed do not actually deprive a claimant of any rights, because the State, in allowing itself to be sued, extended a privilege which it could qualify as it saw fit. Thus, the claimant's status here is one based upon a conditional privilege, as distinguished from that of the corporate employer, which has guaranteed to it rights which are beyond the encroachment of the State in its claim against the corporate employer.

The Constitution of the State of New York delineates those over whom the Court of Claims may exercise jurisdiction. Section 23 of article VI reads, in part, " The court shall have jurisdiction to hear and determine claims against the state or by the state against the claimant or between conflicting claimants as the legislature may provide." The Legislature, in enacting the Court of Claims Act, could not and did not enlarge upon the class of persons over whom the Court of Claims could assert jurisdiction. Section 9 of the Court of Claims Act authorizes claims against the State (subd. 2), counterclaims by the State against the claimant (subd. 3), and allows the Court " To order the interpleader of other parties known or unknown whenever necessary for a complete determination of the claim or counterclaim." (Subd. 6.)

Subdivision 6 does not authorize the State to *implead* or bring in a third party against whom it may assert a claim over. The remedies of impleader and interpleader are different. Interpleader is the procedure by which one who may be exposed to multiple liability may require adverse claimants to litigate their claims in one action or proceeding. (Civ. Prac. Act, § 285.) In the practice of impleader there are no adverse claims *against* the one under an alleged obligation. Impleader is the means by which the primary liability of the original defendant and

the alleged " liability over " of a third party may be settled in one action. (Civ. Prac. Act, § 193-a.)

It thus appears that the Constitution and the statutes authorize the Court of Claims to hear and determine claims against the State, counterclaims by the State against a claimant, and to bring in an additional party whose position will be that of a co-claimant against the State, and to hear and determine any claim he may assert against the State. However, the impleader of a third party — who has no claim against the State — for the purpose of allowing the State to assert a claim against such third party, is not authorized. Such a litigant has the right to have the State's claim against him determined in a court of general jurisdiction where the right to a trial by jury exists. (N. Y. Const., art. I, § 2.) Any attempt to subject persons not properly before it to the jurisdiction of the Court of Claims would be unconstitutional. (*Elmore & Hamilton Contr. Co.* v. *State of New York,* 62 Misc. 58, affd. 133 App. Div. 935, appeal dismissed 196 N. Y. 531; *Moroney* v. *State of New York,* 67 Misc. 58.)

The State argues that it should be allowed to implead the corporate employer in the same manner as the United States may implead a third person in the United States District Court. By the Federal Tort Claims Act (60 U. S. Stat. 812), the United States has in sweeping language waived immunity from suit and permits the United States District Court, sitting without a jury, to hear and determine claims against the United States for personal injury. (U. S. Code, tit. 28, § 1346, subd. (b); § 1402, subd. (b); §§ 2402, 2674.) No special tribunal of limited jurisdiction has been created. On the contrary, the Federal Government has subjected itself to suit in a court of general jurisdiction where a third person, if impleaded, could demand a jury trial in the third-party action. In such a case, the decision of the jury and nonjury issues may be handled " in a manner comparable to that used when issues of law are tried to a jury and issues of an equitable nature in the same case are tried by the court alone." (*United States* v. *Yellow Cab Co.,* 340 U. S. 543, 556.) The right of the State of New York to implead a third-party defendant must await such time as it consents to be sued in a court of general jurisdiction where the prospective third-party defendant would have available the rights guaranteed to him. In the meantime, the State may, by means of a separate action, enforce any right to indemnification from third parties in a court of general jurisdiction.

We have examined the remaining contention of the State and find it without merit.

The order should be affirmed, with $10 costs.

FOSTER, P. J., BERGAN, COON and IMRIE, JJ., concur.

Order affirmed, with $10 costs. [See *post,* p. 977.]