Alexander Del Giorno, J.
This is a motion brought by the Long Island Rail Road Company for an order striking from the record a notice of a demand to defend an alleged claim over against the railroad served by the State in connection with this claim.
The claimants herein demand damages caused to their premises by the vibration of railroad tracks laid on that portion of claimants’ premises over which an easement was appropriated by the State for the purpose of eliminating a grade crossing and for use by the railroad.
The State has sent notices to the railroad, to T. F. Contracting Co., Inc., and to Hendrickson Bros., Inc., setting forth that an examination of the facts indicated that if any parties were negligent or caused the conditions involved, such conditions were caused by the railroad, T. F. Contracting Co., Inc., and Hendrickson Bros., Inc., and that whatever injuries may have been sustained were sustained through their negligence. The said companies were notified further that they were requested to appear and defend this claim at their own cost and expense, and that if the State were to be held liable for damages, then the State would proceed with an action against them for reimbursement.
The railroad maintains that there is no provision in the Court of Claims Act for the railroad to intervene in the action as a party defendant to protect its interests in the premises and that the State has no power to bring into this court’s jurisdiction any third party against which it seeks to assert an alleged claim over.
It is true that the State is not entitled to bring in an additional party against whom the State may seek judgment over in the event the State is held liable in a claim pending against it in the Court of Claims. Subdivision 6 of section 9 of the Court of Claims Act does not authorize the State to implead or bring in a third party against whom it may assert a claim over, although it does allow interpleader. (Horoch v. State of New York, 286 App. Div. 303.)
This is not the situation here, however. By the notice it has served, the State does not seek to cause the railroad to intervene, nor does it attempt to subject the railroad to the jurisdiction of the Court of Claims. The notice is merely to the effect that if the State is to be held liable, then the State would proceed with an action against the railroad for remiburse *624 ment. The State may enforce in a separate action in a court of general jurisdiction any right to indemnification from a third party. (Horoch v. State of New York, supra.)
All that the notice can be construed to be is courtesy advice. The notice cannot be held to be prejudicial to any rights of the railroad. By serving the notice, the State has acquired no rights other than those to which it is entitled under the law.
The motion is denied.