GERALD C. BARTLETT, JR., Respondent-Appellant, *v.* STATE OF NEW YORK, Appellant-Respondent.   (Claim No. 50322-A.)

GERALD C. BARTLETT, SR., Respondent-Appellant, *v.* STATE OF NEW YORK, Appellant-Respondent.   (Claim No. 50454.)

MICHAEL D. VAN TASSEL, Appellant, and TRUDY VAN TASSEL, Respondent, *v.* STATE OF NEW YORK, Appellant-Respondent. (Claim No. 49367.)

Fourth Department, January 18, 1973.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch* of counsel) and *Conboy, McKay, Bachman & Kendall (Carl O. Bachman* of counsel), for appellant-respondent.

*Lewis G. Spicer* (*Leonard Amdursky* of counsel), for Gerald C. Bartlett, Jr., and another, respondents-appellants.

*Scanlon, Wilmott, Aylward & Wisner* (*John V. Aylward* of counsel), for Michael D. Van Tassel, appellant, and Trudy Van Tassel, respondent.

*Per Curiam.* Claimant Gerald C. Bartlett Jr., was a passenger in an automobile owned by claimant Trudy Van Tassel and operated by claimant Michael Van Tassel on February 17, 1968 when the vehicle collided with the rear end of a dump truck owned by the State of New York and operated by State employees. The truck was equipped with snow plowing and sanding equipment and on the afternoon of the accident was cleaning off the shoulders of New York State Route No. 37 north of Watertown. It was not snowing that day but because of a strong west wind, snow had drifted onto the highway in certain locations. The State's employees encountered only occasional areas of snow as they proceeded north, but observed that the return trip would be more troublesome because the wind direction had caused substantial drifting in the southbound lane. Drifting and interference with visibility existed particularly at those points where the land level rose above the road level. It was at such a location (referred to as a "cut") that this accident occurred. The snow had drifted so that it was about 5 feet deep on the road shoulder and approximately 2 to 3 feet deep at or near the center of the road. The "cut" covered a linear distance of 150 to 200 feet along State Route No. 37. The State employees testified that they concluded that more than one pass would be necessary to clear the area. They made two southerly passes through the area backing back through after each pass. A third pass was made to a point about 20 to 40 feet northerly from the southerly end of the "cut". At this point the truck was standing, for over 30 seconds, blocking at least 75% of the southbound lane while the State employees discussed the advisability of making another pass through the area. The truck was stopped at this location in the "cut" where visibility was poor even though the State employees knew that there was clear visibility south of the "cut". While the truck was in this position it was struck in the rear by the Van Tassel automobile. The testimony reveals that upon approaching the northerly end of the "cut" and noting the poor visibility Michael Van Tassel directed his passenger to "keep his eye out in case somebody stopped in the bank". Van Tassel thereupon reduced his speed by removing his foot from the accelerator but did not apply his brakes. We conclude that there was sufficient evi-

dence to sustain the trial court's finding of negligence on the part of the State. The truck could readily have been stopped 50 or more feet southerly in an area of clear visibility, and discussion as to whether another pass was needed could then have taken place without danger to oncoming motorists. We agree with the Trial Judge that "this voluntary choice of the place to stop was carelessly and negligently made". We also conclude that the evidence supported the finding of contributory negligence on the part of claimant Michael Van Tassel in his failure to use his brakes to reduce the speed of his car when entering an area in which he admittedly anticipated the risk that in fact existed.

The State urges that the occupants of the automobile were contributorily negligent in failing to use their seat belts and that such fact should have some bearing on the amount of claimant Bartlett's recovery. New York courts have not yet adopted such a rule. In any event there was no proof tending to establish the manner or degree to which the use of seat belts would have reduced the injuries suffered by claimant.

With respect to the award of $666,444.06 made to the claimant Gerald C. Bartlett, Jr., the State argues that such an award is excessive; the claimant contends that it is inadequate. In our view the award is fair and just. It appears that this claimant, who was 20 years old at the time of the accident, will be confined to a bed or wheelchair for the remainder of his life. He has total paralysis of his lower extremities and extensive paralysis of his upper extremities with no feeling or mobility below the clavicles. Although his parents now look after his needs, it is likely that he will survive them and must then engage others to assist him. We certainly cannot say that this verdict shocks our conscience, nor is there any other reason for us to disturb the discretion and judgment of the Trial Judge (cf. *Rice* v. *Ninacs,* 34 A D 2d 388).

Finally, the State contends that because claimant Michael Van Tassel was also found to have been negligent, the Court of Claims should have apportioned the liability and damages between the State and Van Tassel under the rule enunciated in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143). We do not agree that apportionment should have been effected by the Court of Claims, for to do so in this case would deny claimant his right to a jury trial in the State's action against him (see *Horoch* v. *State of New York,* 286 App. Div. 303). We have reviewed the other issues raised on these appeals and find them to be without sufficient merit to warrant discussion.

The judgments should be affirmed.

GOLDMAN, P. J., MARSH, MOULE, CARDAMONE and HENRY, JJ., concur.

Judgments in Claims Nos. 50322-A and 50454 unanimously affirmed, with costs to claimants.

Judgment in Claim No. 49367 unanimously affirmed, without costs.