Henry W. Lengyel, J.
This is a motion for an order consolidating these claims and permitting the defendant to file and serve a counterclaim against the claimant, James F. Tierney, Claim No. 54621, for indemnification if the trial court determines that both the defendant and Mr. Tierney were negligent and that such negligence was the proximate cause of the alleged damages. The claims arose out of an automobile accident which occurred on April 26, 1971. Mr. Tierney operated one of the vehicles involved in the accident and his wife, Marion Tierney, was a passenger in said vehicle. Mrs. Tierney died on July 30, 1971. On January 6,1972, Mr. Tierney, as administrator of his wife’s estate, brought Claim No. 54620 for monetary damages allegedly resulting from her personal injuries, pain and suffering and wrongful death. On the same date, he brought Claim No. 54621 for monetary damages allegedly flowing from the injuries he received in the accident. Both claims detailed identical allegations of negligence on the part of the defendant in respect to the design, construction and/or maintenance of the highway.
Of course, the claims should be, and undoubtedly will be, joined for trial purposes. However, that is not the purpose of this motion. Paragraph 9 and the ad damnum clause in the proposed counterclaim succinctly and clearly demonstrate such purpose.
“ 9. If claimant James F. "Tierney, as Administrator of the Estate of Marion Tierney recovers against the State of New York in claim number 54620, then because of the negligence of James F. Tierney individually was sole, active, primary and paramount, and the negligence of the State of New York, if any, which is denied, was merely passive and secondary, the liability of the iState of New York in claim number 54620, if any, which is denied, should be apportioned in accordance with the relative degree of negligence of the State of New York and of James F. Tierney, individually.
‘ ‘ wherefore, defendant State of New York demands judgment dismissing the above-captioned claims number 54620 and number 54621, and, in the alternative, judgment over against claimant James F. Tierney, individually for any amount recovered by claimant James F. Tierney, as Administrator of *675 the Estate of Marion Tierney against the State of New York in claim number 54620.” For defendant to be successful in this motion, we would be required to hold that the doctrine enunciated in Dole v. Dow Chem. Co. (30 N Y 2d 143) was applicable to claims brought in the Court of Claims. If this were a determination of first impression, we would grant .the motion under the fact situation presented. Although we are a court of limited jurisdiction, we believe we have the power to determine all issues of liability and damage relative to parties who submit themselves to our jurisdiction. (See People ex rel. Palmer v. Travis, 223 N. Y. 150; East Riv. Sav. Bank v. State of New York, 266 App. Div. 494, 498; Raquette Falls Land Co. v. State of New York, 156 Misc. 227, affd. 247 App. Div. 837.) However, it was specifically stated in Bartlett v. State of New York (40 A D 2d 267, 269, mot. for lv. to app. den. 32 N Y 2d 610 [4th Dept., April 25, 1973]), that: “ Finally, the State contends that because claimant Michael Van Tassel was also found to have been negligent, the Court of Claims should have apportioned the liability and damages between the State and Van Tassel under the rule enunciated in Dole v. Dow Chem. Co. (30 N Y 2d 143). We do not agree that apportionment should have been effected by the Court of Claims, for to do so in this case would deny claimant his right to a jury trial in the State’s action against him (see Horoch v. State of New York, 286 App. Div. 303).” In the Bartlett-Van Tassel claims, Bartlett was a passenger in a vehicle operated by Van Tassel. Each sued .the State for damages related to personal injuries resulting from a rear-end collision with a State snowplow. We found that both the State and Van Tassel were negligent and that Bartlett was free from negligence. A substantial award. was made against the State by decision filed on February 25, 1971. (See decision by Leitgyel, J., in Claim Nos. 49367, 50322-A, and 50454.) As the Dole v. Dow Chem. Co. (30 N Y 2d 143) decision was not handed down until March 22, 1972, apportionment was not urged upon the Trial Judge. However, as this date factor was not alluded to by the Appellate Division, we must conclude that that court specifically ruled the Court of Claims did not have the power of apportionment. If we do not have that power, it follows that we do not have the power of indemnification when it rests upon the apportionment doctrine and this motion for consolidation and the right to file a counterclaim must be and hereby is denied.
The reason for the Bartlett (40 A D 2d 267) appellate decision on this point was primarily founded on the denial of claimant’s *676 right to a jury trial. Of course, claimant Van Tassel and, assuming arguendo, the same result in the Tierney claims, claimant James F. Tierney would not have the right to relitigate before a jury the question of liability or the question of the trial court’s monetary award. It was stated in Hires v. New York Cent. R. R. (24 A D 2d 1075):
“ In our opinion the papers presented by appellant at Special Term sufficiently establish that the issue of contributory negligence of plaintiff’s intestate was fully litigated and decided upon the merits against plaintiff in her prior action against the State of New York, which action arose out of the same accident as the present action against appellant. Defendant has sustained its burden of proof * * * and has ‘ adequately established ’ * * * that judgment was rendered on the merits * * * by ‘ clear proof that such adjudication has been made ’ * * * The prior judgment is a complete defense and precludes prosecution of the cause of action herein (CPLR 3211, subd. [a], par. 5; Israel v. Wood Dolson Co., 1 N Y 2d 116; Friedman v. Park Lane Motors, 18 A D 2d 262.) ” (See, also, Planty v. Potter-De Witt Corp., 27 A D 2d 401; Chaffee v. Lawrence, 282 App. Div. 875; Jones v. Young, 257 App. Div. 563.) Thus, the only question to be determined is that of apportionment. How is that to be accomplished? Shall the parties in the Supreme Court action read the record and the Court of Claims’ decision to the jury; or, shall all the witnesses be recalled and examined; or, shall the litigants in the Supreme Court waive their rights to a jury trial and submit the record and the Court of Claims’ decision to the Supreme Court Judge for his examination, assessment, and apportionment. It most respectfully seems to us that not only would a more equitable and logical result be obtained if the Trial Judge, even one sitting on the Court of Claims, who has observed the witnesses and who has finally resolved, at least at the trial level, the questions of liability and monetary damage, determine the apportionment factor; but also that a more practical and economic result would be obtained from a judicial manpower and jury calendar congestion point of reference.
Motion denied.