JOSEPH C. VALENTINO, JR., as Administrator of the Estate of LORRAINE B. VALENTINO, Deceased, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 57242.)

JOSEPHINE VALENTINO, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 57243.)

Third Department, May 9, 1974.

*Louis J. Lefkowitz, Attorney-General (Douglas L. Manley and Ruth Kessler Toch of counsel), for appellant.*

*Carter, Conboy, Bardwell & Case (Clayton T. Bardwell of counsel), for respondents.*

MAIN, J. This is an appeal from an order of the Court of Claims, entered March 29, 1973, which denied the State's motion for leave to file a counterclaim.

On November 15, 1971, claimant, Josephine Valentino, was operating her automobile on Route 144 in the Town of Coeymans, Albany County, when the vehicle went out of control and left the icy and slippery highway at the northerly end of an overpass, striking guard rails and coming to rest at the bottom of an embankment. As a result of this accident, the claimant operator of the vehicle sustained both physical injuries and property damage, and her passenger, Lorraine Valentino, sustained physical injuries culminating in her death. Some time later and prior to March 9, 1972, the administrator of the estate of Lorraine Valentino allegedly agreed to settle the claim for her death with the liability carrier for the clamaint operator for the sum of $22,500, mutual releases not being signed and payment not being made until June 2, 1972.

Thereafter, on January 4, 1973, both Josephine Valentino and the administrator of the deceased's estate filed claims against the State of New York, seeking damages arising out of the foregoing accident. The theory of action for each of the claims was the same, the State being charged with negligence in failing to properly maintain Route 144 and to warn travelers of its dangerous condition. Subsequently on March 28, 1973, the trial court ordered joint trials of these two claims. Leave sought by the State to file a counterclaim for indemnity against the claimant operator for the death of Lorraine Valentino was

denied, however, on the ground that to do otherwise would deprive the claimant operator of her right to a jury trial.

On appeal the State challenges this denial and asserts that the claimant operator, by filing a claim against the State in the Court of Claims, waived her right to a jury trial of any counterclaim which the State might have or allege against her. We agree. Although the Constitution of the State of New York admittedly preserves inviolate the right to "trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision" (N. Y. Const., art. I, § 2), it also empowers the Court of Claims to hear and determine claims by the State against a claimant (N. Y. Const., art. VI, § 9). Any seeming contradiction between these provisions has been resolved by the courts (cf. 8 N. Y. Jur., Constitutional Law, § 23), which have held that the right to sue the State is a privilege which may be subjected to conditions (*Horoch* v. *State of New York*, 286 App. Div. 303, mod. on other grounds 286 App. Div. 977). Accordingly, by commencing a suit in the Court of Claims, a claimant impliedly consents to the interposition by the State of a counterclaim which the court may entertain and on which it can grant an affirmative judgment (*Gross & Son* v. *State of New York*, 214 App. Div. 386, mod. on other grounds 243 N. Y. 629), at least where the counterclaim arises out of the same or similar transactions giving rise to the claimant's cause of action so that there will be an identity of factual issues to be resolved in determining both the claim and the counterclaim. Such is what happened here, and claimant has waived her right to a jury trial on the counterclaim.

We would further note that any argument that the State has asserted its counterclaim prematurely is without merit. It is now well settled that a defendant's right to contribution from another "for his proportionate share of the total damages is no longer merely inchoate prior to entry of a joint judgment against them and its payment by him" and that his right to an adjudication of this issue "exists at the time the main action is tried" (*Stein* v. *Whitehead*, 40 A D 2d 89, 91–92). Furthermore, the interests of time and judicial economy demand this result (*Liebman* v. *County of Westchester*, 41 A D 2d 756), which can be accomplished by counterclaim as well as cross claim (*Moreno* v. *Galdorisi*, 39 A D 2d 450; Samore and Tymann, 1972 Survey of New York Law, Torts, 24 Syr. L. Rev. 551).

It is likewise immaterial that the State seeks to file its counterclaim in the action by the claimant operator, which is distinct and separate from that of the deceased's estate, although the

two are to be tried jointly. As long as the counterclaim is valid, it "can be interposed regardless of its subject matter and whether or not it has any connection with the plaintiff's case" (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3019.02; see, also, CPLR 3019, subd. [a]; 5 Carmody-Wait 2d, New York Practice, § 31:9).

A final issue which we must resolve concerns the claimant operator's contention that she would be unjustly prejudiced were we to permit the State to file its proposed counterclaim. While this question was not presented to the trial court, we consider it now in the interests of justice because of its substantial merit (cf. *Goodrich* v. *John Hancock Mut. Life Ins. Co.*, 17 A D 2d 271). Basically, the claimant operator contends that such prejudice would result to her because she had reached a binding settlement agreement with the deceased's estate, prior to March 9, 1972, which absolved her of any possible future liability arising out of the accident of November 15, 1971. She further reasons that the decision in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143), handed down on March 22, 1972 and providing for the apportionment of liability among tort-feasors should not be retroactively applied to this agreement which should be construed on the basis of the law at the time of its making.

We hold that this argument correctly states the law. In making our decision, we rely on *Codling* v. *Paglia* (32 N Y 2d 330, 344) which held, in a similar fact situation, that it would be inappropriate " to undo what has been done and, on the basis of present law, to nullify actions taken by the parties in reliance on the law as it then stood." Consequently, if there was a binding agreement prior to March 22, 1972, its terms must govern the relative positions of the parties, and the rationale of *Dole* v. *Dow Chem. Co.* (*supra*) must not be utilized to prejudice the claimant operator by exposing her to liability which theretofore did not exist.

It is not at all clear that there was such a binding agreement. The only indication of such an agreement prior to March 22, 1972 is contained in a petition, addressed to the Surrogate's Court of Albany County, which is not conclusive and, furthermore, it is admitted that the alleged agreement was not executed and payment under its terms was not made until June 2, 1972. If, in fact, a valid agreement was made before March 22, 1972, obvious prejudice to the claimant operator would result from permitting the State to file a counterclaim against her. However, any unfairness to the claimant operator would be elim-

inated in a post-*Dole* settlement, for the reason that she would be chargeable with knowledge of the doctrine of that case.

This matter must, therefore, be remitted to the trial court for findings as to the existence and content of any such agreement and the date upon which it became enforceable.

The determination of appeal should be withheld and the case remitted to the Court of Claims for further proceedings not inconsistent with the decision herein. Upon the making of new or additional findings by the Trial Judge, and the record thereof in this court, the case will be restored to the calendar.

REYNOLDS, J. (dissenting). I vote to reverse that part of the order appealed from which denied the State's motion to file a counterclaim and grant the motion.

GREENBLOTT, J. P., COOKE and KANE, JJ., concur with MAIN, J.; REYNOLDS, J., dissents and votes to reverse in an opinion.

Determination of appeal withheld and case remitted to the Court of Claims for further proceedings not inconsistent with the decision herein. Upon the making of new or additional findings by the Trial Judge, and the record thereof in this court, the case will be restored to the calendar.