In the Matter of the Claim of JAMES F. TIERNEY, as Administrator of the Estate of MARION TIERNEY, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54620.)

In the Matter of the Claim of JAMES F. TIERNEY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 54621.)

Fourth Department, December 17, 1976

*Louis J. Lefkowitz, Attorney-General (Coulter, Fraser, Carr, Ames & Bolton* of counsel), for appellant.

*Bond, Schoeneck & King (Thomas Myers* of counsel), for respondent.

GOLDMAN, J. Defendant, the State of New York, appeals from an order of the Court of Claims which denied the State's motion for consolidation of two claims against it and for permission to file a counterclaim.

The two claims arose on April 26, 1971 when a vehicle occupied by claimant James F. Tierney and his wife, Marion, was involved in a collision on New York State Route 48 in the

Town of Van Buren, Onondaga County. In Claim No. 54620, James F. Tierney, as administrator of his wife's estate, seeks damages for her personal injuries, pain and suffering and wrongful death as a result of the accident. Claim No. 54621, brought by James F. Tierney individually, seeks damages on account of his own personal injuries and property damage. Both claims allege that the accident was caused by the State's negligence in the "design, construction and/or maintenance" of Route 48, particularly with respect to "highway markings, signs and control devices" which were dangerously confusing to drivers.

The State's proposed counterclaim alleges in essence that the accident occurred because of James F. Tierney's negligence in disregarding conspicuous signs, including "keep right" and "do not enter" signs, and in driving his northbound vehicle into the southbound passing lane of Route 48, a divided highway, where it collided head-on with a southbound vehicle. Accordingly, the counterclaim seeks apportionment or indemnity from James F. Tierney, individually, under the doctrine of *Dole v Dow Chem. Co.* (30 NY2d 143), for any judgment which Marion Tierney's estate might recover against the State upon Claim No. 54620.

The Court of Claims held itself constrained by this court's decision in *Bartlett v State of New York* (40 AD2d 267, mot for lv to app den 32 NY2d 610) to deny the State's motion to consolidate and counterclaim. However, the court noted its disagreement with *Bartlett* and stated (76 Misc 2d 673, 675) that "If this were a determination of first impression, we would grant the motion under the fact situation presented".

Appellant urges this court to reconsider the *Bartlett* decision and to distinguish or overrule it insofar as it would bar a *Dole* counterclaim in the instant suit. Specifically, appellant contends (1) that the entertainment by the Court of Claims of a *Dole* counterclaim against claimant James F. Tierney would not unconstitutionally deprive him of a jury trial of the State's claim against him; (2) that the Court of Claims has jurisdiction to entertain counterclaims by the State against claimants; (3) that a counterclaim is a proper means of raising a *Dole* claim for apportionment or indemnity; (4) that the counterclaim should be allowed in the interest of judicial economy; and (5) that the counterclaim is timely and the filing thereof should be permitted in the interest of justice.

The claims in *Bartlett (supra)* arose in February, 1968,

when a car driven by claimant Michael Van Tassel and occupied by claimant Gerald C. Bartlett, Jr., collided with a State-operated snow plow. The Court of Claims found that the claimant-driver was contributorily negligent, but awarded claimant Bartlett a very substantial judgment against the State. Subsequent to the entry of the *Bartlett* judgments, the Court of Appeals decided *Dole v Dow Chem. Co., supra.* In its brief in this court upon the *Bartlett* appeals, the State for the first time argued that the Court of Claims should have apportioned liability and damages to Bartlett between the State and the claimant-driver, Van Tassel. This court rejected the argument, stating (p 675), "We do not agree that apportionment should have been effected by the Court of Claims, for to do so in this case would deny claimant [Van Tassel] his right to a jury trial in the State's action against him (see *Horoch v State of New York,* 286 App. Div. 303)."

Upon re-examination of the *Horoch* decision, we conclude that our reliance on *Horoch* was improvident. In *Horoch* the State had entered into a contract with a corporation whereby the latter was to wreck certain buildings. The claimant, a workman employed by the corporation, was injured on the wrecking job. In his claim he alleged that the State had inadequately supervised the wrecking operation and had permitted a hazardous condition to exist on the job. The State sought to implead the corporation for indemnity on the basis of a "hold harmless" clause in the State's contract with the corporation, and also on the theory of common-law negligence. The Court of Claims denied the State's motion to implead the corporation, and the Third Department affirmed. That court reasoned that the State, in relinquishing its sovereign immunity and permitting itself to be sued, "extended a privilege which it could qualify as it saw fit" (286 App Div, at p 305). Thus, as to a claimant, whose status was "based on a conditional privilege", the unavailability of jury trial in the Court of Claims occasioned no unconstitutional deprivation. But the corporate employer, a nonclaimant, stood in a different position, for it had "guaranteed * * * rights which are beyond the encroachment of the State" (p 305). After a review of constitutional and statutory provisions relating to Court of Claims' jurisdiction, the court concluded (p 306): "It thus appears that the Constitution and the statutes authorize the Court of Claims to hear and determine claims against the State, counterclaims by the State against a claimant, and to bring in an

additional party whose position will be that of a co-claimant against the State, and to hear and determine any claim he may assert against the State. However, the impleader of a third party—who has no claim against the State—for the purpose of allowing the State to assert a claim against such third party, is not authorized. Such a litigant has the right to have the State's claim against him determined in a court of general jurisdiction where the right to a trial by jury exists. (N. Y. Const., art. I, § 2.) Any attempt to subject persons not properly before it to the jurisdiction of the Court of Claims would be unconstitutional. (*Elmore & Hamilton Contr. Co. v. State of New York,* 62 Misc. 58, affd. 133 App. Div. 935, appeal dismissed 196 N. Y. 531; *Moroney v. State of New York,* 67 Misc. 58.)". It seems clear that the *Horoch* reasoning, insofar as it pertained to the jury trial rights of a party against whom the State has a claim, is inapposite where, as in *Bartlett* and the instant case, that party is himself a claimant. Moreover, although the *Horoch* decision addressed the narrow issue of the availability of impleader, *Horoch* was relied upon in *Bartlett* to prohibit *Dole* apportionment in the Court of Claims altogether, without any apparent regard to whether apportionment was sought by impleader or by counterclaim.

Appellant suggests that *Bartlett* can be distinguished from the instant case because the parties there apparently assumed "that the proposed apportionment action by the State against Van Tassel was an impleader action". We do not believe, however, that *Bartlett* can be persuasively distinguished on that ground. First, as noted earlier, the apportionment claim in *Bartlett* was raised for the first time on appeal, and no actual attempt to obtain apportionment was made at trial. Secondly, the State's brief in *Bartlett* was quite unclear as to the procedural mechanism sought to be used to achieve the *Dole* apportionment. Lastly, the language of the *Bartlett* decision is broad enough to encompass any *Dole* apportionment claim sought to be raised in the Court of Claims, whether by impleader or otherwise.

Accordingly, to the extent that *Bartlett* would preclude the Court of Claims from entertaining the counterclaim in this case, we overrule the holding in *Bartlett.* It is noteworthy that the Third Department, which decided *Horoch,* has held that a *Dole* counterclaim is permissible upon facts indistinguishable from the facts at hand. In *Valentino v State of New York* (44 AD2d 338), the claims arose out of an accident in November,

1971, wherein an automobile went out of control on a State-maintained highway. Claims against the State were filed by the driver and by the estate of a passenger who died as a result of the accident. Both claims alleged that the State was negligent in improperly maintaining the highway and in failing to warn motorists of its dangerous condition. The State moved to file a *Dole* indemnity counterclaim against the driver for any recovery had against the State upon the claim by the passenger's estate. The Court of Claims denied the motion "on the ground that to do otherwise would deprive the claimant operator of her right to a jury trial" (p 340). The Third Department stated (p 340): "On appeal the State challenges this denial and asserts that the claimant operator, by filing a claim against the State in the Court of Claims, waived her right to a jury trial of any counterclaim which the State might have or allege against her. We agree. Although the Constitution of the State of New York admittedly preserves inviolate the right to 'trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision' (N. Y. Const., art. I, § 2), it also empowers the Court of Claims to hear and determine claims by the State against a claimant (N. Y. Const., art. VI, § 9). Any seeming contradiction between these provisions has been resolved by the courts (cf. 8 N. Y. Jur., Constitutional Law, § 23), which have held that the right to sue the State is a privilege which may be subjected to conditions *(Horoch v. State of New York,* 286 App. Div. 303, mod. on other grounds 286 App. Div. 977). Accordingly, by commencing a suit in the Court of Claims, a claimant impliedly consents to the interposition by the State of a counterclaim which the court may entertain and on which it can grant an affirmative judgment *(Gross & Son v. State of New York,* 214 App. Div. 386, mod. on other grounds 243 N. Y. 629), at least where the counterclaim arises out of the same or similar transactions giving rise to the claimant's cause of action so that there will be an identity of factual issues to be resolved in determining both the claim and the counterclaim. Such is what happened here, and claimant has waived her right to a jury trial on the counterclaim."

It was settled long before *Valentino* that the Court of Claims has jurisdiction of counterclaims against claimants. The Court of Appeals, while modifying this court's judgment in the *Gross* case *(supra)* expressly approved the principle that the Court of Claims had jurisdiction to try the counterclaim

against the claimant, and that such jurisdiction was not lost even though the claimant failed to prove his claim (243 NY, at p 630). As noted in *Valentino (supra)* the constitutional basis of the Court of Claims' jurisdiction over counterclaims is found in the New York Constitution (art VI, § 9) which provides in part that "The court shall have jurisdiction to hear and determine claims * * * by the state against claimant * * * as the legislature may provide". The Legislature has provided that the Court of Claims shall have jurisdiction "To hear and determine any claim in favor of the state against the claimant" (Court of Claims Act, § 9, subd 3). Finally, rule 14 of the Rules of the Court of Claims (22 NYCRR 1200.15) treats specifically the practice in regard to counterclaims.

It is also settled that the counterclaim is a permissible means for raising a *Dole* contribution claim. CPLR 1403 (eff Sept. 1, 1974), provides that "A cause of action for contribution may be asserted in a * * * counterclaim". Prior to the enactment of this section, the use of counterclaims to assert *Dole* contribution claims had received the approval of courts (see, e.g., *Katz v Dykes,* 41 AD2d 913; *Moreno v Galdorisi,* 39 AD2d 450; *Henriquez v Mission Motor Lines* 72 Misc 2d 782; *Yarish v Dowling,* 70 Misc 2d 467).

Moreover, the interests of judicial economy would be well served by permitting the *Dole* counterclaim to be tried by the Court of Claims. If that court were to find the State negligent and liable to the estate of Marion Tierney but find that claimant James F. Tierney's negligence also contributed to the accident, those determinations would be *res judicata,* so that James F. Tierney would be collaterally estopped to relitigate the same issues before a jury (see *Planty v Potter-DeWitt Corp.,* 27 AD2d 401; *Hires v New York Cent. R. R.,* 24 AD2d 1075; *Chaffee v Lawrence,* 282 App Div 875; *Jones v Young,* 257 App Div 563). All that would be left for the jury to determine would be the relative degrees of negligence. In his memorandum in the instant case, Court of Claims Judge LENGYEL quite properly asked (76 Misc 2d 673, 676): "How is that to be accomplished? Shall the parties in the Supreme Court action read the record and the Court of Claims' decision to the jury; or, shall all the witnesses be recalled and examined; or, shall the litigants in the Supreme Court waive their rights to a jury trial and submit the record and the Court of Claims' decision to the Supreme Court Judge for his examination, assessment, and apportionment. It most respectfully

seems to us that not only would a more equitable and logical result be obtained if the Trial Judge, even one sitting on the Court of Claims, who has observed the witnesses and who has finally resolved, at least at the trial level, the questions of liability and monetary damage, determine that apportionment factor; but also that a more practical and economic result would be obtained from a judicial manpower and jury calendar congestion point of reference."

Lastly, appellant argues that the counterclaim should be deemed timely although not served within 20 days after service of the claims, as contemplated by rule 14 of the Rules of the Court of Claims. We find appellant's argument persuasive. In any event, that point is conceded by respondent for nowhere in the record nor in his brief does he raise a timeliness objection.

The order should be reversed and appellant's motion granted.

MARSH, P. J., MAHONEY, DILLON and WITMER, JJ., concur.

Order unanimously reversed, without costs and motion granted.