FOREST-FEHLHABER, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 62601.) (Action No. 1.)

STATE OF NEW YORK, Appellant, v FOREST-FEHLHABER, Respondent. (Action No. 2.)

Third Department, May 15, 1980

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Richard J. Dorsey, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for appellant.

*DeGraff, Foy, Conway, Holt-Harris & Mealey (William F. Conway, Michael J. Cunningham* and *Thomas S. West* of counsel), for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

In January, 1968 Forest-Fehlhaber (Fehlhaber), a joint venture, and the State of New York contracted for electrical work in connection with the South Mall project in Albany.* Between February, 1969 and April, 1978, 566 change orders issued by the State and a modification agreement between the parties increased the total contract costs from $18,091,000 to $40,218,874.34 and extended the completion date from Decem-

---

* Now the Governor Nelson A. Rockefeller Empire State Plaza.

ber 31, 1971 to December 31, 1975. While the State has paid $40,178,317.27 of the total contract price, it has refused to issue a final certificate or release the contractor's securities in the sum of $1,822,622.24. The State's position is bottomed upon an audit which allegedly shows that Fehlhaber received an unconscionable profit as a result of deliberately inflated estimated costs.

In response to the State's position, Fehlhaber filed a claim against the State in the Court of Claims, alleging contract breaches resulting in $4.9 million in damages. The State, within a week of the filing of the claim, sued Fehlhaber in Supreme Court, alleging an overpayment to Fehlhaber of $5.9 million. Fehlhaber answered the State action and counterclaimed for the same dollar amount it sought directly in the claim filed in the Court of Claims. With the two actions thus positioned, i.e., the State's action in Supreme Court at issue with Fehlhaber's answer containing a counterclaim, and Fehlhaber's claim for contract damages pending in the Court of Claims, a veritable blizzard of motion papers was exchanged seeking, *inter alia,* preliminary relief in the nature of disclosure, examinations before trial, production of documents, a protective order restricting inspection of documents in Fehlhaber's possession, dismissal of the action in the Court of Claims, and transfer of the State action to the Court of Claims. Only four of the resultant orders were appealed and are presently before this court for review.

■ We turn first to the order entered July 2, 1979, which denied the State's motion to dismiss Fehlhaber's action in the Court of Claims. The State's contention that a contractual claim against it cannot accrue until either a final certificate accepting the work has been issued or claimant has been fully paid is without merit. Subdivision 4 of section 10 of the Court of Claims Act is a Statute of Limitations and operates adversely only as to contractual claims untimely filed. In other words, the statute set outside limits for claim filing, but has nothing to do with whether an action is prematurely commenced. To determine if a claim is premature it is necessary to ascertain when the "cause of action" came into being, not when the "claim accrued". A contract cause of action exists when the agreement is breached, even though damages which will flesh out the claim are not contemporaneously ascertainable *(Edlux Constr. Corp. v State of New York,* 252 App Div 373, 374, affd 277 NY 635). Here, an action arose when

Fehlhaber alleged that it had substantially performed all the terms of the contract and demanded final payment, release of its securities and a final certificate and the State refused. Thus, since a cause of action in favor of Fehlhaber against the State existed, the filing of the claim was not premature. (Cf. *Fehlhaber Corp. & Horn Constr. Co. v State of New York,* 69 AD2d 362; *Tilden Constr. Corp. v State of New York,* 30 AD2d 612.) The order of the Court of Claims is affirmed.

■ Next, the order entered April 4, 1979 which granted Fehlhaber's motion to transfer the State's Supreme Court action to the Court of Claims must also be affirmed. The State's contention that its Supreme Court action is equitable in nature and cannot be removed to a court lacking equitable jurisdiction must be rejected. While an action for money had and received is based upon equitable principles *(Schank v Schuchman,* 212 NY 352, 358), such an action has been deemed an action at law *(Chapman v Forbes,* 123 NY 532, 536-537; see 58 CJS, Money Received, § 1). Further, subdivision 3 of section 9 of the Court of Claims Act grants to that court the power "[t]o hear and determine any claim in favor of the state against the claimant". This statutory proviso has been interpreted to give the Court of Claims jurisdiction over any counterclaims by the State which are based upon the transaction which gives rise to the claimant's cause of action *(Matter of Tierney v State of New York,* 55 AD2d 158; *Valentino v State of New York,* 44 AD2d 338). It follows, therefore, that Special Term did not abuse its discretion when, to avoid circuity of action and economize court time, it ordered the State's action transferred to the Court of Claims.

■ Finally, since the transferor court loses all further jurisdiction to act once the order of transfer is entered (see CPLR 326; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C326:1, p 468), the orders entered on April 13, 1979 and August 27, 1979 are null and void.

The order entered July 2, 1979 should be affirmed, without costs; the order entered April 4, 1979 should be affirmed, without costs; the orders entered April 13, 1979 and August 27, 1979 should be vacated, without costs, and without prejudice to renewal in the Court of Claims.

GREENBLOTT, SWEENEY, KANE and STALEY, JR., JJ., concur.

Order entered July 2, 1979 affirmed, without costs; order

entered April 4, 1979 affirmed, without costs; orders entered April 13, 1979 and August 27, 1979 vacated, without costs, and without prejudice to renewal in the Court of Claims.