William B. Groat, J.
In this consolidated action defendants Peckham Road Corporation, Edward Embro, Jr., Wallachs Auto Rental Inc., Aldo Di Belardino and GBI, Inc. (hereinafter: moving defendants) move for leave to amend their answers to interpose the affirmative defense of discharge and satisfaction.
This is an action for personal injuries sustained by plaintiffs when an automobile owned and operated by defendant Embro collided with another automobile operated by defendant Aldo Di Belardino, owned by defendant Wallachs and leased to defendant GBI, Inc. Plaintiff Bundt was a passenger in the automobile operated by Embro and plaintiffs Mondini were passengers in the automobile operated by Aldo Di Belardino at the time of *803 the accident. In their separate complaints Bundt and the Mondinis allege that both automobiles were operated in a negligent manner and that defendant Peckham, which was repairing the highway near the scene of the accident, negligently obstructed the view of the stop sign which Embro’s automobile passed just before the collision occurred. Plaintiffs also allege that Peck-ham’s negligence combined with the negligence of the other defendants to cause the accident.
The moving defendants state that plaintiffs Bundt and Mondini instituted an action against the State in the Court of Claims and that a decision rendered by that court granted judgment in the following amounts:
Hans H. Bundt................... $9,731.38
Guilia Mondini................... 47,223.69
Graziella Mondini................ 1,000.00
G-ino Mondini.................... 11,765.61
Enrica Ferrario.................. 3,261.21
The moving defendants also state that the aforesaid judgment has been satisfied.
In support of their motion to amend, the moving defendants argue that, since they were joint tort-feasors with the State, the satisfaction of the judgment against the State discharges them through the application of the settled rule that the satisfaction of a judgment against one joint tort-feasor discharges the others.
In opposition, plaintiffs argue that the motion to amend should be denied because the proposed amendment lacks merit in that (1) the application of section 15-102 of the General Obligations Law dictates that the satisfaction of the judgment against the State does not discharge the other joint tort-feasors, (2) a Court of Claims judgment is not within the rule that the satisfaction of a judgment against one joint tort-feasor discharges the other and (3) the State can never be a joint tort-feasor and defendants, in fact, were not joint tort-feasors with the State.
Ordinarily a court will not deal with the merits of a proposed amended answer unless it appears insufficient on its face. (Amherst Bowling Center v. Dolce, 11 A D 2d 1079.) In the present action, however, all parties concerned have submitted briefs which deal at length with the merits of the amendment. ‘1 Where, however, all parties to a litigation choose to do so, they may to a large extent chart their own procedural course through the courts ”. (Stevenson v. News Syndicate Co., 302 N. Y. 81, 87.) Under the circumstances, the court will discuss the merits.
*804 The rule is well settled that: “ It is elementary law that one who has been injured by the joint wrong of several parties may recover his damages against either or all; but although there may be several suits and recoveries, there can be but one satisfaction. (Livingston v. Bishop, 1 Johns. 290; Thomas v. Rumsey, 6 Johns. 26; Barrett v. Third Ave. R. R. Co., 45 N. Y. 628, 635.) The reason of the rule is that while there may be many perpetrators of a wrongful act, each of whom is separately liable, yet the act and its consequences are indivisible and the injured person is, therefore, limited to a single satisfaction.” (Walsh v. New York Cent. & Hudson Riv. R. R. Co., 204 N. Y. 58, 62-63.) (See, also, Barrett v. Third Ave. R. R. Co., 45 N. Y. 628; Collins v. Smith, 255 App. Div. 665; Gray v. Fogarty, 237 App. Div. 855; cf. Derby v. Prewitt, 12 N Y 2d 100.) The basis for the rule is “ The law does not permit a double satisfaction for a single injury.” (Milks v. McIver, 264 N. Y. 267, 270.)
Section 15-102 of the General Obligations Law provides: “ A judgment against one or more of several obligors, or against one or more of joint, or of joint and several obligors shall not discharge a co-obligor who was not a party to the proceeding wherein the judgment was rendered.” That statute applies to the right of an injured party after he has recovered a judgment against one joint tort-feasor which remains unsatisfied to pursue and obtain a judgment against another joint tort-feasor. There still may be only one satisfaction of the judgment. This was held in Sarine v. American Lumbermen’s Mut. Cas. Co. (258 App. Div. 653) where the court, in discussing the operation of section 232 of the Debtor and Creditor Law, which was the same as section 15-102 of the General Obligations Law, stated (p. 655): “ The term ‘ obligor ’ includes a person liable for a tort. (Debtor and Creditor Law, § 231.) Both owner and operator are each liable in full for the tort and, .therefore, the statute plainly includes them. * * * Defendant’s liability, however, is measured by the judgment first obtained. It is well settled that as to joint tort feasors, though actions are maintainable separately against each, payment of either judgment so recovered constitutes satisfaction of the wrong and of all outstanding judgments predicated thereon. * * * All authorities agree that there may be but one satisfaction. It matters not whether that satisfaction be accomplished with or without the acquiescence of the judgment creditor.”
Nor does this court agree with plaintiffs’ argument that the rule that the satisfaction of the judgment against one joint tortfeasor discharges the others has no application to a Court of Claims judgment. Section 8 of the Court of Claims Act states:
*805 ‘ ‘ The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article.”
‘ ‘ By the adoption of such section the State places itself, as to those making claims against the State, in the same position as a private individual or a corporation would be for his or its negligence.” (Robison v. State of New York, 263 App. Div. 240, 243.)
The Court of Claims determined that the State was negligent and the plaintiffs were awarded judgments for the injuries sustained. If defendants are joint tort-feasors with the State, the fact that the judgment satisfied is a Court of Claims judgment should not prevent application of a rule which prevents double recovery for a single injury.
The State may also be a joint tort-feasor (see McKenna v. State of New York, 207 Misc. 1008, 1011). While the sovereign has always been immune from suit at common law “ ‘ When, however, the State confers upon a court jurisdiction to hear and determine all claims against it, or all claims of a particular class, the situation in that court is the same as if the claim were against a private individual or corporation ’. (Quayle v. State of New York, 192 N. Y. 47, 50.)” (Edlux Constr. Corp. v. State of New York, 252 App. Div. 373, 375.)
Therefore, if the trial court shall determine that the defendants were in fact joint tort-feasors with the State, the satisfaction of a judgment against the State would operate as a discharge of the defendants.
Accordingly, leave to amend is granted to the defendants.