■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. DELAWARE AND HUDSON RAILROAD CORPORATION, Respondent.— Appeal by the State from a judgment of the Supreme Court, entered in Clinton County on March 24, 1969, upon a decision of the court at a Trial Term, without a jury. In July of 1958 Mary Zais and Elizabeth Norton were involved in a one-car accident while proceeding through the community of AuSable Forks on New York State Route 9-N. Zais and Norton filed claims against the State with the Court of Claims and recovered judgments against the State. It appears that, in those prior actions, it was determined that the accident was caused by ruts in and about the defendant's railroad track as the said track traversed the highway. (See *Norton* v. *State of New York,* 19 A D 2d 686.) Subsequent to the recovery of the judgments in the Court of Claims by Norton and Zais and the payment of said claims by the State, the State instituted the present action against the defendant seeking indemnification for either the entire amount of the said judgments or such portion thereof as represented the active negligence by the defendant. The judgment appealed from dismissed the State's complaint. Upon this appeal, the State contends that, by virtue of various statutes and the case of *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143), it is entitled to recover all or some portion of the Norton and Zais judgments from the defendant. The defendant contends that, assuming the accident occurred as a result of ruts in and about its railroad tracks upon Route 9-N, the record does not disclose any legal basis for a recovery by the State from it for any portion of the damages paid to Norton and Zais. Among other things, the defendant, in its brief, specifically notes: " And there is absolutely no evidence that the accident in which Mrs. Zais and Mrs. Norton were injured *was caused* by any break in the asphalt, no matter how produced. In fact, on the trial of this action, the plaintiff-appellant's own witness testified that he never observed any ruts or depressions wide enough to catch the tire of a standard automobile." The defendant was not a party to the proceedings in the Court of Claims and upon the appeal from those proceedings this court noted that, as to whether or not the accident was caused by ruts along the railroad track and as to whether or not there was negligence on the part of the claimant Zais, these were factual issues (*Norton* v. *State of New York, supra*). The State has proven none of the facts essential to support a cause of action for negligence. The record makes it clear that the State was relying on the binding effect of the Court of Claims' decision on the present defendant to prove the facts constituting negligence. However, vouching-in and impleader are not available in the Court of Claims practice and, therefore, that decision can have no binding effect upon the defendant since, by appearing in that action, it would have forfeited its constitutional right to trial by jury (*Horoch* v. *State of New York,* 286 App. Div. 303; *Clarke* v. *Fidelity & Cas. Co. of N. Y.,* 55 Misc 2d 327; *Patti* v. *State of New York,* 47 Misc 2d 622). Thus, although we indicated, *inter alia,* in *Norton* v. *State of New York* (*supra*) that the ruts and depressions which caused the accident were due to failure to use the proper type of rail, that finding cannot be used against the defendant in this action. The record is devoid of any evidence as to the cause of the accident and, accordingly, there could be no proof of any negligence on the part of the defendant which would give rise to liability. In other words, the State has failed to prove any negligence on the part of the defendant railroad. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.