Edward S. Conway, J.
This is a motion by the defendants for an order dismissing the plaintiffs complaint pursuant to CPLR 3211 (subd [a], par 7) on the grounds that the complaint fails to state a cause of action as to defendant County of Sullivan, and pursuant to CPLR 3211 (subd [a], par 5) on the grounds that collateral estoppel requires that the action be dismissed.
There is also a motion by the Town of Thompson for an order changing the place of trial of the above-entitled action from the County of Albany to the County of Sullivan pursuant to CPLR 504 and CPLR 511 which will be considered in the same opinion by this court.
The action on which the instant motions are predicated is by the State of New York for, as alleged in the complaint, reimbursement and indemnification, but all parties in their papers treated the action as one for contribution from the defendants for a judgment entered against the plaintiff State of New York in the Court of Claims in favor of Victor Sacks arising from an action for personal injuries. For the purpose of these motions, the complaint is deemed amended to the proper terminology. The action was the result of a motor vehicle accident which occurred on July 23, 1967 on a highway known as Cimarron Road and Old Route 17 located in the Town of Thompson, County of Sullivan. The complaint alleges the automobile operated by Victor Sacks struck a dead end barricade at the dead end of the Cimarron Road (Old Route 17).
The complaint further alleges that the State of New York discontinued maintenance on the highway in question on December 7, 1962 pursuant to section 62 of the Highway Law, *767 and that on January. 14, 1963 the Board of Supervisors of Sullivan County accepted the highway for maintenance purposes and required the Town of Thompson to maintain it, and that thereafter the Town of Thompson did accept the highway in question for maintenance purposes. The complaint further alleges that the negligence of defendants was in the construction and maintenance of Cimarron Road in the vicinity of the said accident point and that the defendants were negligent in permitting the said Cimarron Road to be in a dangerous condition in that they created and maintained a dangerous and unmarked barricade and permitted it to exist for a long period of time before the happening of the accident after having received both actual and constructive notice, and that they failed to provide proper warning signs and/or devices as to the said dangerous conditions. The complaint further alleges that the defendants herein were bound to indemnify and reimburse the State of New York for the amount of moneys páid by the State in satisfaction of the judgment.
After a trial in the Court of Claims of the Sacks action, judgment was rendered by the Honorable Henry W. Lengyel in favor of claimant Sacks against the State of New York in the amount of $1,025,000. The County of Sullivan and the Town of Thompson were not parties to that action. The State appealed the judgment on November 13, 1974. The State and claimant Sacks then entered into a stipulation wherein the State agreed to discontinue the appeal in return for claimant’s agreement to accept $875,000 in full settlement of the judgment.
The defendants contend that the complaint should be dismissed as the material issues have previously been litigated adversely to the State of New York (plaintiff herein) and therefore, the doctrine of collateral estoppel applies. Further, defendants contend that the complaint should be dismissed as the State of New York has entered into a settlement and obtained a release and is thereby barred from demanding contribution from the defendants pursuant to the General Obligations Law, and on the further grounds that the State, by entering into a voluntary discontinuance to which the defendants were not a party, is barred from asserting a cause of action herein against the defendants.
The court cannot agree with these contentions of the defendants. Collateral estoppel means an identity of issue which has necessarily been decided in the prior action and is decisive *768 of the present action (Schwartz v Public Administrator of County of Bronx (24 NY2d 65). Here, there is an issue which was not and could not be tried in the Court of Claims as to whether the County of Sullivan and the Town of Thompson were likewise negligent as well as the State of New York in connection with the maintenance and supervision of the barricade, or that they failed to provide warning signs to motorists who were lawfully using the highway in question.
The Appellate Division, Third Department in Horoch v State of New York (286 App Div 303, 305) said: "The Court of Claims uses the same rules of evidence and substantive law [citation omitted] and much of the procedure [citation omitted] followed in the Supreme Court, but claimants appearing before it are not granted rights equal to those guaranteed to parties in a court of general jurisdiction. For example, the Court of Claims Act requires the liability of the State to be determined solely by a court sitting without a jury. ”
The court went on to say (p 306): "The right of the State of New York to implead a third-party defendant must await such time as it consents to be sued in a court of general jurisdiction where the prospective third-party defendant would have available the rights guaranteed to him. In the meantime, the State may, by means of a separate action, enforce any right to indemniñcation from third parties in a court of general jurisdiction” (emphasis supplied).
In this court’s opinion, the same right of the State to a trial in a court of general jurisdiction would apply to the new right to contribution pursuant to CPLR article 14 and the right to a jury trial, among others, must be guaranteed to the third parties in the separate action.
Therefore, it is the opinion of this court that the stipulation entered into between the State of New York and claimant Sacks’ attorney does not bar contribution from the defendants herein to the State of New York pursuant to subdivision (c) of section 15-108 of the General Obligations Law. That section does not refer to releases from liability that reduced judgment after a verdict as in the instant case.
CPLR 1303 provides that: "Except as otherwise specially prescribed by statute or rule the proceedings in an action brought by the state shall be the same as in an action by a private person.”
Subdivision (c) of section 15-108 of the General Obligations *769 Law provides that: "A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.”
However, CPLR 1402 provides that: "The amount of contribution to which a person is entitled shall be the excess paid by him over and above his equitable share of the judgment recovered by the injured party” (emphasis supplied).
CPLR 1403 provides that: "A cause of action for contribution may be asserted in a separate action”.
The Appellate Division, Third Department in People v Delaware & Hudson R. R. Corp. (42 AD2d 618), recognized the right of the State to seek contribution from third parties, by virtue of various statutes and the holding of Dole v Dow Chem. Co. (30 NY2d 143), for all or some portion of a judgment rendered in the Court of Claims against the State in favor of an injured claimant.
The court stated in that case: "The record makes it clear that the State was relying on the binding effect of the Court of Claims’ decision on the present defendant to prove the facts constituting negligence. However, vouching-in and impleader are not available in the Court of Claims practice and, therefore, that decision can have no binding effect upon the defendant since, by appearing in that action, it would have forfeited its constitutional right to trial by jury (Horoch v State of New York, 286 App Div 303 [citations omitted]). Thus, although we indicated, inter alia, in Norton v State of New York (supra) that the ruts and depressions which caused the accident were due to failure to use the proper type of rail, that finding cannot be used against the defendant in this action.”
In view of the foregoing, the motion to dismiss the complaint should be denied (see Dole v Dow Chem. Co., 30 NY2d 143, supra; CPLR 1403).
As to the motion for a change of venue by defendant Town of Thompson, the court holds that Albany County, the residence of the plaintiff herein, is a proper place as far as the State of New York is concerned (CPLR 503). Where there is a conflict of venue provisions, as there is in the instant motion, between CPLR 503 and CPLR 504 (subd 2), the conflict is solved correctly by placing the venue in Albany County (see Matter of Civil Serv. Employees Assn. v New York State Public Employment Relations Bd., 65 Misc 2d 544).
*770 The motion for a change of venue to Sullivan County is denied.