STATE OF NEW YORK, Respondent, v COUNTY OF SULLIVAN, Appellant, et al., Defendant. (Appeal No. 1.)

STATE OF NEW YORK, Respondent, v COUNTY OF SULLIVAN, Defendant, and TOWN OF THOMPSON, Appellant. (Appeal No. 2.)

Third Department, August 12, 1976

*William C. Rosen (Robert P. Roche* and *Jed B. Wolkenbreit* of counsel), for County of Sullivan, appellant.

*Appelbaum & Eisenberg (Bertram W. Eisenberg* of counsel), for Town of Thompson, appellant.

*Louis J. Lefkowitz, Attorney-General (Joseph F. Gibbons* and *Ruth Kessler Toch* of counsel), for respondent.

KANE, J. Victor Sacks was seriously injured on July 23, 1967 when the automobile he was driving collided with a barricade at the end of Cimarron Road, also known as old Route 17, in the Town of Thompson, Sullivan County. Seeking to affix liability for those injuries on the State and recover damages on a theory of negligence, Anne Sacks thereafter instituted an action in the Court of Claims individually and on behalf of her infant son. Having attained his majority prior to trial, these claims ultimately resulted in a judgment being entered against the State on April 18, 1974 in favor of Victor in the amount of $1,026,195.83, and in favor of Anne in the sum of $18,365.86. On November 13, 1974, she agreed to accept her award and he agreed to accept the reduced figure of $875,000 in return for a withdrawal of the State's appeal

from this judgment. Alleging payment, the State then commenced the present action against the Town of Thompson and the County of Sullivan for "indemnification and reimbursement", in whole or in part, upon the ground that the defendants had acted negligently "in the construction, supervision and maintenance" of the road and its appurtenances in the vicinity of the accident following their acceptance of maintenance responsibility therefor in 1963. The town answered and moved to change the place of trial from Albany to Sullivan County, whereas the county moved to dismiss the complaint before submitting its answer. It is from so much of Special Term's order denying these motions that the instant appeals have been taken.

It is urged by the county on its appeal that the doctrine of collateral estoppel bars the State's present action and that, in any event, subdivision (c) of section 15-108 of the General Obligations Law operates to waive whatever rights the State may have possessed.

The decision of the Court of Claims makes it quite apparent that the State unsuccessfully sought to escape liability in that action, *in toto,* on the ground it did not control the situs of the accident and had no responsibility to maintain the same as that duty had previously been turned over to the Town of Thompson and County of Sullivan. Thus, it is clear that the State is now attempting to transfer all or part of its liability onto the present defendants on the very same theory which was rejected by the Court of Claims.

A fundamental distinction exists between indemnification and contribution *(McFall v Compagnie Maritime Belge [Lloyd Royal] S.A.,* 304 NY 314) which has survived the broadening of apportionment principles announced in *Dole v Dow Chem. Co.* (30 NY2d 143); (see *Rock v Reed-Prentice Div. of Package Mach. Co.,* 39 NY2d 34; *Rogers v Dorchester Assoc.,* 32 NY2d 553). Insofar as the State seeks *indemnification* from the defendants, it seems plain to us that its claim is estopped by the judgment in the former action. While the unavailability of third-party practice in the Court of Claims *(Horoch v State of New York,* 286 App Div 303) may have some effect on the offensive use of that doctrine (see, e.g., *People v Delaware & Hudson R.R. Corp.,* 42 AD2d 618), the absence of the town and county as parties had no bearing on the State's position in that forum. As the party against whom estoppel is now being asserted, that matter is irrelevant for the State has already

had a full opportunity to litigate and evade all responsibility for the accident on the very same issue it now seeks to utilize in shifting total liability onto these defendants *(Margolin v New York Life Ins. Co.,* 32 NY2d 149; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65; *B. R. DeWitt, Inc. v Hall,* 19 NY2d 141). However, it seems equally obvious that collateral estoppel has no application to a claim for *contribution* by the State for the Court of Claims had no occasion to consider whether others may have shared responsibility for the damages sustained by Victor and Anne Sacks.

Although a cause of action for contribution may be asserted in a separate action (CPLR 1403), the claim itself is expressly made subject to the provisions of section 15-108 of the General Obligations Law (CPLR 1401) which recites that "A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person" (General Obligations Law, § 15-108, subd [c]). Assuming that a claim for contribution could be posed as a matter of substantive law in this situation (CPLR 1401; 26 NY Jur, Highways, Streets and Bridges, §§ 351–363), a point not raised by the parties or decided herein, we are faced with the argument of the county that the State obtained such a release and waived its entitlement to contribution by paying the judgment in a reduced amount. The State, citing *Rock v Reed-Prentice Div. of Package Mach. Co. (supra),* counters that its action merely limited the sum to be apportioned and does not fall within the reach of the quoted statute.

We agree with the county. In *Rock (supra)* the relative degrees of culpability were fixed by the fact finder so that in paying the ensuing judgment in a reduced amount, the tortfeasor who later sought contribution secured no release from liability; it simply satisfied liability already apportioned. Here, however, the State has bargained for and obtained its release from liability in the same fashion as if it had never been sued. Even though the general purpose of section 15-108 of the General Obligations Law is to encourage settlements *(Rock v Reed-Prentice Div. of Package Mach. Co., supra,* pp 40, 41), the plain language of subdivision (c) thereof compels the surrender of the right to contribution by a tort-feasor intent on avoiding the higher price future litigation might bring. *Rock (supra)* stands for the proposition that the subdivision does not apply to a judgment which has established the equitable shares of several tort-feasors, but where, as here, the judg-

ment does not address that question, that ruling should not be extended to allow a tort-feasor to cast about for another in hope of recovering some portion of the amount it has already paid. If this result seems harsh at first glance, it should be remembered that the State could have prosecuted its appeal. While the State is somewhat inhibited by its inability to have the issue of apportionment decided in one action, as usually occurs, it merely begs the question to suggest that payment of a judgment in full prior to any claim for contribution frustrates the purpose of the statute by discouraging settlements. The fact remains that the subdivision forces a tort-feasor to choose between retaining a potential claim for part of what an injured party may eventually recover and purchasing his peace for a known amount without further recourse against others subject to the same liability. In short, it may well have been cheaper for the State to pay the reduced judgment than to pay a later determined percentage of the original award. Accordingly, the order of Special Term should be reversed and the State's complaint against the county dismissed.

Finally, it is obvious that our disposition of the State's action against the county should apply with equal force to its identical claim against the town and, therefore, the same relief should be granted to the town even though it did not request it at Special Term (CPLR 3211, subd [c]; 3212, subd [b]; *Davis v Shelton,* 33 AD2d 707). Otherwise, we would agree with the town that Sullivan County would be the proper place for trial of this action (CPLR 504, subd 2). The State has made no cross motion to retain venue in Albany County under subdivisions 2 or 3 of CPLR 510, and there is no reason to invoke CPLR 502 in this situation inasmuch as no "conflict" has arisen through the joinder of Sullivan County as a defendant (see CPLR 504, subd 1). Consequently, the order of Special Term should be reversed and the motion granted (2 Weinstein-Korn-Miller, NY Civ Prac, par 502.02).

The order should be reversed, on the law, and judgment directed to be entered in favor of defendants dismissing the complaint, without costs.

KOREMAN, P.J. (concurring in part and dissenting in part). Although the State's action against both the County of Sullivan and the Town of Thompson was originally brought on the theories of indemnification and contribution, it now seems agreed that the State's action should be treated as one for contribution.

We agree with the majority that collateral estoppel has no application to the State's cause of action for contribution against the County of Sullivan and Town of Thompson. Neither the county nor town was a party to the negligence action brought in the Court of Claims by the Sacks against the State. The issues litigated in that action related solely to the question of whether or not the State was negligent in maintaining and supervising the barricade on Cimmaron Road which the Sacks' vehicle struck, or in failing to adequately warn motorists of the barricade. The issues raised in the present action, however, relate to the questions of whether or not the county and town were likewise negligent in maintaining, supervising or marking the Cimmaron Road barricade and whether or not. that negligence contributed to the damages sustained by the Sacks. These issues were not previously litigated in the Court of Claims' action, and, therefore, the judgments in that action do not bar the present action *(Schwartz v Public Administration of County of Bronx,* 24 NY2d 65; *B. R. DeWitt, Inc. v Hall,* 19 NY2d 141).

Subsequent to the entry of the Court of Claims' judgments in favor of the Sacks and the State's service and filing of a notice of appeal therefrom, the parties stipulated that the State would withdraw its notice of appeal; that the judgment in favor of Victor Sacks would be reduced from $1,026,195.83 to $875,000; that the judgment in favor of Anne Sacks would remain at $18,365.86; and that upon execution and delivery of satisfactions of judgments the State would pay the reduced judgment in favor of Victor and the judgment in favor of Anne. Certainly, if the State had paid the full amount of both judgments, there would be no doubt that it could maintain the present action for contribution against the county and town (CPLR 1401, 1403). Indeed, the State did pay the full amount of the judgment in favor of Anne Sacks. The majority, however, conclude that since the State has stipulated with its judgment creditors to withdraw its notice of appeal from their judgments in return for the judgment creditor's agreement to accept a reduced amount in full satisfaction of these judgments, it is precluded by the provisions of subdivision (c) of section 15-108 of the General Obligations Law from maintaining the present action for contribution.

In our view that subdivison is inapplicable to the present case. It provides that a "tortfeasor who has obtained *his own release from liability* shall not be entitled to contribution from

any other person" (emphasis added). Here, the State has not obtained its own release from liability. Rather, after the State's liability was fixed by the Court of Claims, it proceeded to satisfy that liability by paying and discharging the judgments that were predicated thereon (cf. *Rock v Reed-Prentice Div. of Package Mach. Co.,* 39 NY2d 34). Moreover, the effect of the State's satisfaction of the Sacks' judgments was to discharge the obligations of all other tort-feasors to the Sacks, including the county and the town, as well as its own *(Gallivan v Pucello,* 38 AD2d 876; *Goines v Pennsylvania R. R. Co.,* 6 AD2d 531, app dsmd 5 NY2d 1002; *Bundt v Embro,* 48 Misc 2d 802, mod 27 AD2d 931, affd *sub nom Bundt v Wallach Auto Rental,* 21 NY2d 1032).

Since the State has discharged the entire obligation owed to the Sacks, it seems only fair to give it the right to seek contribution from those whose obligations it has discharged.

Accordingly, we would affirm the order of Special Term denying the motion for dismissal of the complaint. We are in agreement with the majority, however, that the order denying the town's motion for a change of venue should be reversed, and that the action should be tried in Sullivan County.

GREENBLOTT and MAHONEY, JJ., concur with KANE, J.; KOREMAN, P.J., and LARKIN, J., concur in part and dissent in part in an opinion by KOREMAN, P.J.

Order reversed, on the law, and judgment directed to be entered in favor of defendants dismissing the complaint, without costs.