Dorothea E. Donaldson, J.
At approximately 5:45 p.m. on November 5, 1971, John Pollicino, while driving southbound on Central Westchester Parkway in a motor vehicle, owned by his wife Patricia, struck a moveable concrete traffic control stanchion base, 36 inches by 36 inches by 23 inches, positioned approximately 500 feet north of Exit 7-A of Route 1-287, also known as the Cross-Westchester Expressway, in White Plains, New York. The impact projected the stanchion into the path of a northbound vehicle, causing the death of its operator, Paul A. Kelly.
On March 19, 1975, during trial of Supreme Court action entitled "Joseph W. Kelly as Administrator of the Goods, Chattels and Credits of Paul A. Kelly, deceased, and Joseph W. Kelly and Joan T. Kelly, Individually, Plaintiffs, against John Pollicino and Patricia Pollicino, Defendants and Third-Party Plaintiffs, against Whitmyer Bros., Inc. and D. Lambert Railing Co., Third-Party Defendants”, the action on behalf of the Kellys was discontinued when a settlement agreement of $50,000 was reached, incorporating therein as a specific reservation the right of the claimant subrogee to assert a claim against not only the State of New York, in the Court of *371 Claims, but also, the then third-party defendants, Whitmyer Bros., Inc., and D. Lambert Railing Co. The order containing these provisions was signed April 21, 1975, conditioned upon the execution of general releases by the Kellys; thereafter, payment was made on July 1, 1975. This claim was filed July 17, 1975 and has not been assigned or submitted to any other court or tribunal for audit or determination.
The State contended, first, that the claim was not timely filed in accordance with the provisions of subdivision 3 of section 10 of the Court of Claims Act and, second, that the Supreme Court settlement by claimant subrogee constituted a waiver of any right to contribution by the State under CPLR 1401 and subdivision (c) of section 15-108 of the General Obligations Law.
Since claimant’s subrogor as an admitted active tort-feasor had no right to indemnity prior to, or subsequent to Dole v Dow Chem. Co. (30 NY2d 143) the claim is determined to be one for contribution. The cause of action, being one for contribution, arose upon payment of judgment, and is based, not on a tortious act but on the substantive right to an apportionment of damages between joint tort-feasors. Accordingly, the court believes, and so finds, that the claim was timely filed within the statutory period as provided in subdivision 4 of section 10 (2A Weinstein-Korn-Miller, NY Civ Prac, par 1401 et seq, and cases cited therein).
With respect to the State’s second contention, claimant citing State of New York v County of Sullivan (84 Misc 2d 765) maintained that, since the release given to claimant’s subrogor contained the express reservation allowing claimant to bring suit against the State of New York in the Court of Claims, subdivision (c) of section 15-108 of the General Obligations Law was inapplicable.
CPLR 1401, "Claim for contribution,” states: "Except as provided in section 15-108 of the general obligations law, two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.”
Subdivision (c) of section 15-108 of the General Obligations Law reads as follows: "Waiver of contribution. A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.”
*372 In County of Sullivan (supra) the court held that subdivision (c) of section 15-108 did not apply to releases from liability which reduced judgments after entry of a verdict. After submission of claimant’s papers, this holding was reversed, August 12, 1976, in State of New York v County of Sullivan (54 AD2d 29). Assuming, arguendo, upon the proof submitted, that the State was actively negligent in failing to properly position the traffic control stanchion as alleged, the court believes and so finds, that State of New York v County of Sullivan (supra) is completely inapplicable, and that claimant subrogee, having entered into a settlement in the primary action with the plaintiff during the course of trial prior to the rendering of a verdict, is barred under subdivision (c) of section 15-108 of the General Obligations Law from bringing an action for contribution against the State of New York (Rock v Reed-Prentice, 39 NY2d 34).
The claim must be, and hereby is, dismissed.
No determination is made with respect to the alleged liability predicated upon defendant’s negligence relative to the use and positioning of the moveable traffic control device. Except as hereinbefore ruled upon, no determination is made with respect to motions upon which decision was reserved.