■ MARYLAND CASUALTY COMPANY, as Subrogee of JOHN POLLICINO and another, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 59470.) —Appeal from a judgment, entered October 27, 1976, upon a decision of the Court of Claims, which dismissed the claim. During the trial of a Supreme Court action commenced to recover damages arising out of an automobile accident, claimant and its subrogors reached a settlement with the plaintiff therein. After making payment, claimant filed a claim against the State in the Court of Claims, seeking contribution pursuant to CPLR 1401 *et seq.* That court, however, held that subdivision (c) of section 15-108 of the General Obligations Law barred the claim. This appeal ensued. Subdivision (c) of section 15-108 provides without qualification that "A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any person." Nevertheless, claimant argues that despite the settlement of its liability in the prior Supreme Court action, it would be unreasonable to subject its claim to subdivision (c) of section 15-108 in the Court of Claims because the State enjoys immunity from being impleaded into the Supreme Court. We disagree. "Apparently the Legislature felt that surrender of the right to contribution is a small price to ask of a defendant who is intent on avoiding litigation" *(Rock v Reed-Prentice Div. of Package Mach. Co.,* 39 NY2d 34, 41). Thus, since claimant reached a settlement in the Supreme Court action before judgment, subdivision (c) of section 15-108 bars its claim herein (see *Rock v Reed-Prentice Div. of Package Mach. Co., supra,* p 41; cf. *State of New York v County of Sullivan,* 43 NY2d 815). We have examined the other contentions raised by claimant and find them to be without merit. Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur. [88 Misc 2d 370.]